# R. S. PRIDGEON, APPELLANT, v. HENRY GREAT-HOUSE, RESPONDENT.

STATUTE OF LIMITATIONS.—The statute of limitations begins to run from the time when the action might properly be commenced.

IDEM.—A law extending the time within which actions may be commenced, can only affect causes of action existing at the time of its passage. It can not revive causes of action already barred; and as to existing causes of action, the time must be computed from the period when the action might have been commenced, and not from the passage of the law extending the time.

APPEAL from the second judicial district, Ada county.

*Rosborough & Preston,* for the appellant.

*H. E. Prickett,* for the respondent.

WHITSON, J., delivered the opinion. NOGGLE, C. J., and LEWIS, J., concurred.

This action was commenced on the seventh day of January, A. D. 1869, in the district court of this territory, in and for Ada county, to recover a judgment obtained by R. S. Pridgeon against Henry Greathouse, in the state of Texas, on the nineteenth day of April, A. D. 1858. The defendant pleaded in the court below that he was not liable under the laws of this territory upon said judgment, for the reason that plaintiff's cause of action was barred by the statute of limitations of the territory.

The court below held for the defendant, and the plaintiff appeals to this court. The defendant had been a resident of this territory continuously from the fifteenth day of May, A. D. 1863, to the commencement of this action. The first statute providing the time within which an action might be commenced in this territory was passed January 23, A. D. 1864. Section 34 of that act, page 558 of the first session laws of Idaho, provides that an action upon any judgment, etc., obtained out of this territory, etc., can only be commenced within two years from the time the cause of action shall accrue. Could not Pridgeon have commenced his action on the twenty-fourth of January, A. D. 1864? We think he could. Then had not his cause of action ac-

crued? It certainly had; and he must bring his action within two years from that time. But before the cause of action had lapsed, an act had passed January 10, A. D. 1866, which provided that all such actions should "be commenced within three years after the party making such liability shall be a resident of this territory."

The phraseology of the section is changed a little, but it is evident that, in substance, nothing is changed, except the time within which such actions should be commenced. The section, as first passed, was evidently intended to require a person holding a foreign judgment to prosecute it within a certain time after the courts here might obtain jurisdiction of the person of the defendant; or, in other words, that the action should be commenced within two years from the time the defendant became a resident of this territory, without, however, giving him the benefit of any time during which no law had been passed on the subject.

Section 34, as amended, we conclude, therefore, only extended the time within which Pridgeon was obliged to commence his action, and instead of having two years from January 23, 1864, he had three. Nearly two years elapsed after the expiration of the three years before this action was commenced. The time within which this action should have been commenced must, we think, be deemed to have lapsed at the expiration of the three years within which it might have been properly commenced.

There is no doubt but that remedial statutes may be passed, which can only extend the time of commencing actions, computing from the time the cause first accrued, and not from the date of the law extending such time. This action was commenced only one day before the expiration of the three years provided by the act of January 10, A. D. 1866, which barely saved this action within its provisions, computing from the date of the passage of the act, which we think can not be done.

If this act had been passed on the twenty-fifth day of January, A. D. 1866, when the two years had already run against it, the cause of action would have been dead, and no amount of remedial legislation could have revived it any

more than the material body of man can be brought to life when once dead; but the two years having not yet run, its life was extended one year longer than it would have lived had the act of January 10, 1866, not been passed. Why should Pridgeon be allowed the almost ten years which he had under the act of 1864, and then be allowed the additional three years provided by the act of 1866?

If such a construction of the statute of limitations should prevail, as is insisted upon by the appellant, the effect would be to extend, indefinitely, the time within which an action might be commenced; and not only that, but would revive causes of actions which had long ceased to exist.

We do not think the court below erred in its judgment.

Judgment affirmed.