# Ivey *et al. v.* Blum *et al.*

## *Writ of Right.*

1. *Limitations; different statutes of, construed.*—The act of 1802, which was the only general statue of limitations in existence in this State prior to 1843, (Clay's Digest, 327--8, sections 7 and 8) by its 7th section barred actions of ejectment, or other actions dependent on a right of entry, in twenty years; and by its 9th section barred all other actions for the recovery of lands, in thirty years.

2. *Same.*—By the act of 1843, (Clay's Digest. 329, ¿ 93) ten years was the period prescribed as the limitation of all actions, irrespective of their form, for the recovery of lands; and by the judicial construction given to it, (*Rawles* v. *Kennedy*, 23 Alabama, 240), possessions existing at the time of its passage were held to be governed by the statute of 1802, unless the latter act sooner affected a bar.

3. *Same.*—By the Code of 1852, the same period of limitation was continued, (¿ 2476) and all former statutes of limitation were declared repealed (¿ 10); but existing causes of action, on which suits were then pending, and those on which suits were commenced within one year after its adoption, were excepted from its operation, and were thus left without any statutory bar.

4. *Same.*—To remedy the defects of the Code as to causes of action existing at the time of its adoption, the act of 1854 (Revised Code, ¿ 2926) was passed, which revives the former statutes of limitations, and declares them applicable to such existing causes of action; but these statutes are revived "for this purpose only," and cannot operate to revive a right of entry which commenced in 1840, and was barred under the act of 1843 before the act of 1854 was passed.

5. *Writ of right.*—No such form of action, for the recovery of lands, as the writ of right has been known to our laws since the Code of 1852.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

The opinion states the facts.

FALKNER & FALKNER, and RICE, JONES & WILEY, for appellant.

ELMORE & GUNTER, STONE & CLOPTON, SAYRE & GRAVES, and HERBERT & MURPHY, *contra.*

BRICKELL, C. J.—Prior to 1843 the statute of 1802 was the only statute barring an entry into lands, or limiting actions for their recovery; with the exception of a special statute, enacted in 1816, and applicable only to claims to lands which originated under the Spanish or French government while they had dominion over a part of the State, and which were subject to confirmation and adjustment by Congress. Clay's Dig. 328, § 87. The 7th section of the act of

1802 was borrowed from the English statute, 21st Jac. I. c. 16, (to be found in Angell on Limitations, 5th ed., App. 3,) and was not, in terms, a statute of limitations; it simply prohibited an entry into lands, after the lapse of twenty years from the accrual of the right or title of entry, saving the rights of infants, *femes covert*, non-residents, and persons of unsound mind. Clay's Dig. 327, §§ 83–4. Prohibiting an entry after the lapse of twenty years, the consequence was, that no action dependent wholly on a right of entry, or merely possessory, was maintainable; and it thus became, as to these actions, a statute of limitations. *Doe ex dem. Hallett* v. *Forest*, 8 Ala. 264; Angell on Lim. 5th ed., 369. The 9th section was borrowed from the 32d Henry VIII. c. 2, (Angell on Lim., 5th ed., app. 1,) and was, *ex vi termini*, a statute of limitations, barring real, possessory, and mixed actions for the recovery of lands. The classifications of actions was that recognized in the ancient common law, and known as *droitural* and *possessory*. Of the first class the principal was the *writ of right*. It was regarded as the highest writ in law, and was the last resort of a tenant in fee simple, who had been ousted. It was resorted to when the right to maintain a *possessory action* was barred by the statute of limitations, the prescription against it being of much greater length than that against possessory actions, or after a possessory action had been brought, and judgment therein rendered against the demandant. Stearns on Real Actions, 314. Of the second class, were writs of assize, writs of entry, and writs ancestral and possessory. These were to recover possession, and were founded on a right of entry, and were called *real possessory actions*. The action of waste was a mixed action, as the land was recovered, and damages for the injury thereto. The terms of this section clearly imported that it referred to, and operated upon these ancient common law remedies. The 7th section operated as a bar to the modern action of ejectment, and a field of operation somewhat different was assigned to each section. *Doe, ex dem. Hallett* v. *Forest, supra*; *Henry* v. *Thorpe*, 14 Ala. 103.

In 1843 a statute was enacted, the second section of which provided that all actions for the recovery of lands, tenements or hereditaments, in this State, should be brought within ten years after the accrual of the cause of action, and not afterwards, saving to infants, *femes covert*, and persons of unsound mind, five years after the removal of their respective disabilities, to bring such actions. Clay's Dig. 329, § 93. Statutes of limitations, as a general rule, do not operate

[Ivey v. Blum.]

retrospectively. The future, not the past, is their field of operation. They do not destroy or impair existing rights, converting the passiveness which was innocent, into negligence, working a loss of rights. They speak from the time of their enactment, barring the rights which afterwards exist, capable of enforcement, during the period prescribed. *Williamson* v. *Field*, 2 Sand. ch. 570; *Eakin* v. *Rand*, 12 Serg. and R. 330. Hence the statute of 1843 was construed as prospective, not retroactive, barring only causes of action, existing after its enactment for the prescribed period. 2 Brick. Dig. 224, § 92.

Soon after the enactment of this statute, several cases came before this court in which it was said the statute repealed the act of 1802, and that the time elapsing before its passage was wholly effaced. *Henry* v. *Thorpe, supra; Nickles* v. *Haskins*, 15 Ala. 619; *Cox* v. *Davis*, 17 Ala. 716. The question was not presented by either of these cases, and all that was said upon it was the mere argument or opinion of the individual judge. In *Rawles* v. *Kennedy*, 23 Ala. 240, the question came directly before the court, and a decision of it was indispensable to the rendition of judgment. After deliberate consideration, on principle and authority, the court pronounced that the statute of 1802 was not entirely repealed by the act of 1843. That they could co-exist and each had an office to perform. The statute of 1802 could not operate to prolong possessions, or the time of commencing actions beyond the period prescribed by the act of 1843; but that if under its operation causes of action or possession antecedent to the act of 1843, would be barred before the bar of that act attached, its bar would be applied. If the statute of 1843 would, in its operation on such antecedent possessions, operate a bar earlier than the act of 1802, its bar would prevail. Such possessions were governed by the first of the two statutes, that would protect them. If, when the act of 1843 was passed, a possession had continued for twenty-five years, its continuance for five years afterwards would complete the bar of the act of 1802. If it had existed but one day, at the passage of the act of 1843, its continuance for ten years afterwards completed the bar of that act. No other construction could have been adopted without contravening the spirit and policy of the act of 1843 —without prolonging the period in which litigation should be commenced or forever quieted. The act pursuing the policy prevailing in the enactment of statutes of limitations, in modern times, is directed against the subject matter—not the form of action. It is not real, possessory or mixed ac-

tions, which are to be barred, but all actions for the recovery of lands, whatever may be their form or character. Whether the recovery was sought by writ of right, founded on title only, or ejectment involing only the :ight of entry and possession, they were barred. The action being *for the recovery of lands*, it fell within the statute, and its bar. In this State, distinguishing between the forms, and not the subject of actions, in framing statutes of limitation, was at all times the involuntary obedience yielded to ' precedent, rather than a consideration of public convenience. No such distinction is now recognized in our statute book.

Thus stood the statute of limitations, until the adoption of the Code of 1852, which took effect on the 17th of January, 1853. The 10th section of this Code declared all general statutes repealed, which were not embraced in it. The last section of the chapter devoted to limitations of actions, declared its provisions applicable "to all subsisting causes of action, except such as suits have been commenced upon, and all now pending, and those upon which suits may be commenced within one year from the time this Code goes into operation." Code of 1852, § 2502. The act of February 15, 1854; (Pamph. Acts, 1853–4, p. 71.) now § 2926 of the Revised Code, repealed § 2502 of the Code of 1852, and provided the limitations of the Code should apply only to possessions or causes of action originating on or after the 17th January, 1853. Prior possessions and causes of action, were to be controlled by the former statute of limitation, which *for that purpose only*, were revived and continued of force. This statute did not, and could not, as contended by the counsel for appellants, revive the statute of 1802. That statute was, as we have seen, repealed by the act of 1843, except when it would have operated a bar, at an earlier period than the latter statute. It operated only on possessions existing anterior to the act of 1843, and which were not continued the period prescribed by that statute, but computing the time prior to its passage, were continued long enough to perfect the bar of thirty years under the statute of 1802. The act of 1854 requires the time intervening from the adoption of the Code of 1852, to its enactment, to be computed as if the statutes prior to the Code had not been repealed. Computing this time, every possession originating prior to the act of 1843, was fully protected by its bar before the act of 1854 was passed. The purpose of that act was not to prolong, but to shorten the period in which the statutes of limitation should complete a bar. The Code having repealed all former statutes of limitation, and declared

its provisions applicable "to all subsisting causes of action," except such as suits had been commenced upon, or those upon which suit was brought within one year thereafter, it followed there was no statute of limitations barring causes of action, existing at the adoption of the Code, if suit was brought within one year thereafter. *Collins* v. *Robinson*, 33 Ala. 91. And as to existing causes of action, on which suit was not brought within one year, the provisions of the Code were applicable, effacing all the time past, while the repealed statutes were in force, and requiring the full period it prescribed to elapse before such causes of action were barred. To remedy this evil was the purpose of the act of 1854. Causes of action, existing at the adoption of the Code, were to be governed by the former statutes of limitation, as if they had not been repealed, and for this purpose only, by the express words of the act, these statutes were revived. The provisions of the Code were to operate as statutes of this character; should only operate on the future, not the past. Regarding causes of action existing when the Code became operative, as controlled by the former statutes, there was not a possession in 1854, on which the act of 1802 could operate. Any possession originating prior to 1843, on which it had commenced to operate, was fully protected by the act of 1843. After the passage of the act of 1843, the act of 1802 had only a qualified existence, for the purpose of protecting possessions originating under it, which the statute of 1843 could not protect. As all such possessions were in 1854 protected by the act of 1843, the qualified existence of the act of 1802 ceased. That act had no office to perform. It was not, therefore, one of the statutes of limitation revived by the act of 1854. To regard it as revived, would be in violation of the spirit and policy of the act of 1854. If any consequence could result from regarding it as revived, it would be to extend even beyond the period prescribed by the Code, the time within which the real actions on which it operated should be commenced, when the purpose of the act of 1854 was to abridge that period.

The cause of action on which the appellants rely, originated in 1840, and suit was commenced in 1870. When the cause of action accrued, the appellants were infants, and became of full age respectively in 1851, 1854, 1856. The act of 1843 first operates to bar the action. That act allowed the appellants five years after attaining majority to commence suit. The five years had more than expired, when the suit was commenced. The court did not therefore err in the charge given, that the appellants were not entitled to a recovery.

[Bond v. Marx.]

No objection was made in the court below to the form of action the appellants have pursued. We must not however be understood as countenancing the idea, that any such form of action has been known to the law of this State since the adoption of the Code of 1852. On the contrary we do not doubt the forms of action prescribed by the Code, are exclusive, superseding all common law forms.

The judgment is affirmed.