DAVID S. HUBER v. J. A. ZIMMERMAN *et al.*

(Filed Aug. 25, 1899.)

1. ACTIONS—*Limitation—Statute Construed.* In construing a statute of
limitations, it must, so far as it affects rights of action in existence
when the statute is passed, be held, in the absence of a contrary
provision, to begin when the cause of action is first subjected to
its operation. (*Sohn v. Waterson,* 17 Wall, 596.)

2. SAME—*Suit on Note—Rule Followed.* Upon the reasoning in the case
of *Southgate v. Frier,* this volume, p. 435, construing the effect of
the various statutes of limitations enacted in this Territory, the
note sued upon in this action is not barred by the statute of
limitation, and therefore the court erred in not sustaining the
motion for judgment upon the pleadings.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County;*
*before John L. McAtee, District Judge.*

*D. K. Cunningham,* for plaintiff in error.

*Burwell & Burwell,* for defendants in error.

Action by David S. Huber against J. A. and C. C.
Zimmerman. Judgment for defendants, and plaintiff
brings error. Reversed.

Opinion of the court by

HAINER, J.: This was an action brought by the plain
tiff in error against the defendants in error in the justice
court of Kingfisher county on the 2d day of November,
1895, to recover the sum of $100 on a certain promissory
note, made, executed and delivered by the defendants
in error in the state of Iowa, on the 21st day of September,

1885, and due and payable on or before the 1st day of January, 1886. The defendants in their answer alleged that they have continuously resided in Kingfisher county since April 1889, and have not been absent therefrom during said period, that the plaintiff has not during said period commenced or attempted to commence against said defendants any action in any court in Oklahoma, and that by reason of such facts the plaintiff's action on said note is barred by the statute of limitations of Oklahoma Territory. The plaintiff moved for judgment upon the pleadings, which motion was sustained, and a judgment entered in favor of the plaintiff and against the defendants for the sum of $100 and the costs of the action. From this judgment the defendants appealed to the district court, where the cause was again tried upon the petition, answer of the defendants, and the motion for judgment on the pleadings. The district court reversed the decision of the justice court, and held that an action could not be maintained, for the reason that the note sued upon is barred by the statute of limitations. From this judgment the plaintiff appeals.

It is conceded that there is only one question to be determined on this appeal, and that is, is the note sued upon by the plaintiff in error barred by the statute of limitations of this Territory? This question must be answered in the negative.

In *Sohn v. Waterson*, 17 Wall. 596, the supreme court of the United States held that, in construing a statute of limitations, it must, so far as it affects rights of action in existence when the statute is passed, be held, in the absence of a contrary provision, to begin when the cause of action is first subjected to its operation.

In *Lewis v. Lewis*, 7 How. 778, Taney, C. J., said: "From what time is the limitation to be calculated? Upon principle, it would seem to be clear that it must commence when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided."

In *Southgate v. Frier*, this volume, p. 435, 57 Pac. 841, it was held that, under a statute of territorial limitations, the time of limitation commences when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided. The legislature of Oklahoma having adopted a statute of limitation in 1890, which was repealed and a new statute adopted in 1893, the effect of this legislation was to renew the causes of action which had not expired before the new statute took effect, the legislature not having otherwise provided. It must therefore follow that the case under consideration comes clearly within the rule laid down in *Southgate v. Frier*, and authorities there cited, which are decisive of this case. The judgment of the district court is therefore reversed, and the cause remanded, with directions to sustain the motion for judgment on the pleadings.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.