## In re WOODWARD.

(Submitted January 12, 1903. Decided January 15, 1903.)

*Attorney—Disbarment—Fraudulent Admission—Forged Letter of Recommendation.*

Code of Civil Procedure, Section 394, and Supreme Court Rule XXII, require foreign attorneys, admitted on the production of a license from the foreign jurisdiction, to supply satisfactory evidence of a good moral character. *Held*, that it was ground for the disbarment of an attorney that, coming from another state and applying for admission, he presented with his application a letter of recommendation to which he had forged the name of a local firm, though he testified that he was so well acquainted with the firm that he had no doubt of their approving his action, and that as soon as he met the senior member he told him of the forgery, and was astonished that the desired ratification was withheld.

Proceedings for the disbarment of F. C. Woodward. Disbarment ordered.

*F. C. Woodward,* in *propria persona.*

*Mr. R. Lee Word, amicus curiae.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On December 29, 1902, one F. C. Woodward applied to this court for an order permitting him to practice as an attorney and counselor at law in the courts of this state. The application was made under the provisions of the statute (Section 394, Code of Civil Procedure) and the rules of this court (Rule XXII) permitting attorneys from other jurisdictions, after acquiring residence in this state, to be admitted to practice upon the production of a license from the proper authorities of such other jurisdiction, with satisfactory evidence of good moral character. The applicant presented a license granted by the supreme court of the state of Nebraska, together with evidence of his good moral character and standing at the bar of his native state. He also presented certificates of good moral character

from reputable attorneys of this state. Among the certificates thus presented was a letter, ostensibly signed by Fox & Fox, a firm of reputable attorneys residing and practicing at Red Lodge in this state. This letter contained statements very highly commendatory of the character and qualifications of the applicant, and, upon the faith of it and other evidence produced, Mr. Woodward was granted the order applied for. During the afternoon of the same day, information was brought to the members of the court that the letter signed "Fox & Fox" was a forgery. Thereafter, on January 5th, the matter was formally presented to the court by Ex-Associate Justice R. Lee Word, with affidavits of both members of the firm of Fox & Fox, and also of their stenographer, showing that the letter was in fact a forgery. Thereupon an order was entered citing Mr. Woodward to appear before this court on January 12th to show cause why he should not be deprived of his license. In obedience to this citation, Mr. Woodward appeared, and made answer that he had himself written the letter and subscribed thereto the firm name of Fox & Fox, thinking at the time he did so that one or both members of the firm would ratify his action. His conviction that this would be done was based upon the intimate relations which he stated had theretofore existed between him and the members of the firm of Fox and Fox.

It is hardly conceivable under the circumstances, why the applicant should have been guilty of this fraudulent behavior. Among his recommendations were several signed by reputable members of the bar, both of this state and the state of Nebraska, sufficient in substance to warrant favorable action upon his application. His conduct can be explained only upon the theory that he is wholly destitute of those sentiments of honor and integrity which high-minded lawyers should always possess, and which should always characterize their conduct toward their clients, their fellow members of the bar, and the courts before which they practice from day to day. Without discussing the question whether the unauthorized use of the name of another in writing subjects the applicant to a criminal prosecution, or whether under the circumstances the applicant should have

been punished as for contempt, it is sufficient to say that, had the matter been brought to the attention of the court at the time the application was made, the license would have been denied upon the ground of total unfitness of the applicant. This being true, and the court being now informed of the fraud, the order granting the license will be revoked.

At the hearing the applicant stated that he was led into the fault by his conviction that one or both members of the firm of Fox & Fox, owing to the intimate relations existing between the members of the firm and himself, would ratify his unauthorized use of their name as soon as it was brought to their knowledge, and that as soon as he met the senior member of the firm he frankly stated to him what he had done, but was astonished that the desired ratification was withheld. Conceding this to be true, we do not think that a person who is so regardless of the rights of others and of his duty to this court should be permitted to occupy a relation in which his duties require the highest degree of honesty and fidelity. We are not prepared to say that, even had the members of the firm of Fox & Fox ratified the unauthorized use of their name after the fraud was perpetrated upon this court, we would be willing to permit the applicant to remain upon the roll of attorneys. He was guilty, not only of a fraud upon the firm of Fox & Fox, but also upon this court, and that, too, upon the very threshold of the professional life upon which he expected to enter.

The order made and entered on December 29, 1902, admitting F. C. Woodward to the practice of law in the courts of this state, is revoked, and it is ordered that his name be stricken from the roll of attorneys and conunselors at law.