[Civ. No. 5886. Second Appellate District, Division Two.—May 11, 1928.]

JOHN PAUL FERNEL, Appellant, v. BOARD OF MEDICAL EXAMINERS, STATE OF CALIFORNIA, et al., Respondents.

Harry Lyons for Appellant.

Otto J. Emme for Respondents.

STEPHENS, J., *pro tem.* — Petitioner applied to the Board of Medical Examiners of the State of California for a certificate to practice medicine in this state under the Medical Practice Act, chapter 354, Statutes of 1913, p. 722. The Board denied the application and petitioner secured an alternative writ of mandate from the superior court. Upon a hearing the court entered judgment "that the petitioner is not entitled to a writ of mandate and that his petition be and the same is denied." Petitioner appeals therefrom.

Reduced to its simplest form, the question here to be considered is whether or not the Board had a right to reject petitioner's application because it was not satisfied as to the good moral character of the applicant. Section 8 of the Medical Practice Act, hereinafter referred to as "the Act," provides among other things for the issuance of a "physician and surgeon certificate," a "drugless practitioner certificate" and a "reciprocity certificate." A reciprocity certificate does not refer to another class of the healing science, but refers to the manner of granting either a physician and surgeon certificate or a drugless practitioner certificate to an applicant who has practiced his profession in a sister state. The petitioner below, appellant here, claims that the act does not authorize the Board to decline to grant the certificate because it is not satisfied that the applicant is possessed of a good moral character. He con-

tends that the Board has no jurisdiction to consider this subject at all in connection with an application for a reciprocity certificate, but argumentatively admits that the Board may consider the subject when passing on an application for any other certificate.

Section 9 of the act states: "Every applicant must file with the board . . . satisfactory testimonials of good moral character." Followng this section the details of requirements for the granting of certificates to practice the two schools of healing are set out, and then logically (sec. 13) follow the detailed requirements for the granting of a "reciprocity certificate." It should here be recollected that a reciprocity certificate is exactly like any other certificate in its class, and is a badge authorizing exactly the same acts. Every person appearing before the Board for permission to practice his profession must file an application, and is throughout the act denominated an *applicant*. The act is not designed as a series of independent acts, but is one act designed to enforce its requirements for the protection of the people of the state. The general language of section 9, referring to the requirement of "satisfactory testimonials of good moral character," applies, of course, to every applicant under every section of the act. If this were not so it would apply to none. This is so obvious that the mere statement of it is a conclusive argument as to its truth. Courts read statutes in the light of their common-sense meaning and intention. The expressed meaning and intention of this portion of section 9 is plain and absolutely free from ambiguity. If it be required that one shall show reasonable evidence that he is an ordinarily decent fellow before he shall have the privilege of submitting himself to the examination provided before he may emerge from the status of a student to that of a licensed practitioner in our state, what reason could be advanced to excuse this showing in a recent comer in our midst whose history is unknown to us and who may have found it convenient to seek pastures new for reasons not comfortable to disclose? The plain expression of the act, its evident intent and its sound reasonableness as protective legislation appeal to us, as it evidently did to the trial court. It must be borne in mind in this connection that no question as to abuse of discretion on

behalf of the Board is here presented. We are not shown the record upon which the Board acted, and no intimation is made anywhere in the proceedings that it acted in any other than a reasonable and proper manner. The jurisdiction of the Board alone is challenged.

Appellant points out that no proceeding has been taken by the Board under section 14 of the act, but when it is understood that this section applies to the accusation of a practitioner or applicant of "unprofessional conduct," and that the phrase is defined in this section as covering a number of specific acts connected with the practice of the profession, it will readily be seen that it is not intended to cover or apply to the requirement of section 9 as to "good moral character"—although some of the acts designated are in close relation to good morals and a person of good moral character would not resort to such acts. Moral character in a physician of any school contemplates a broader sphere of conduct than that relating specifically to his profession.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.