## MAGNOLIA PETROLEUM CO. v. WATKINS et al.

No. 25668. May 5, 1936.

W. H. Francis, B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Clark & Gilbreath, for respondent.

OSBORN, V. C. J. This is an original action to review an award of the State Industrial Commission in favor of A. W. Watkins, hereinafter referred to as claimant, against the Magnolia Petroleum Company, hereinafter referred to as respondent.

On March 2, 1928, claimant while employed by respondent sustained an injury to his right foot. He was paid compensation for temporary total disability for five weeks and three days. On October 15, 1932, claimant was awarded 15 weeks' compensation for 10 per cent. permanent partial disability to the right foot. On July 8, 1933, he filed a motion to reopen, alleging a change in condition, and sought further compensation. On May 21, 1934, the commission made an award finding that claimant had sustained an additional 15 per cent. permanent partial disability to the right foot and ordered the payment of compensation for 22½ weeks at the rate of $18 per week. This award is now presented for review.

On May 3, 1933, chapter 29, Session Laws 1933, became effective. Section 4 of that act provides, in part, as follows:

"The jurisdiction of the commission to reopen any cause upon an application based

upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time original award was made thereon, and unless filed within said period of time, same shall be forever barred."

It is apparent that the commission was without jurisdiction to enter the award unless, for some reason, the act is inapplicable in this case.

Claimant refers to section 54, article 5 of the Constitution, which provides that the repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right [or penalty incurred or proceedings begun by virtue of such repealed statute. Certain cases are cited to the effect that the power and jurisdiction of the Industrial Commission over each case is continuing, and that the commission has jurisdiction from time to time on the ground of a change in condition arising out of the same injury to make such modification or change with respect to the former finding or order as may be just. See Oklahoma Natural Gas Co. v. Ford, 150 Okla. 83, 300 P. 753. This case and others to the same effect are based upon the provisions of sections 13362 and 13391, O. S. 1931. The general rule is that the right of an employee to compensation arises from the contractual relation existing between him and his employer on the date of the injury, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties, and that no subsequent amendment which has the effect of increasing or diminishing the amount of compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed. This court has so held. United Iron Works v. Smethers, 159 Okla. 105, 14 P. (2d) 380; Caswell v. Bird, 160 Okla. 224, 16 P. (2d) 859. See, also, annotation and authorities, 82 A. L. R. 1244.

Prior to the enactment of section 4, chapter 29, supra, the jurisdiction of the commission to reopen a case on the ground of a change in condition was unlimited. By the enactment thereof there was erected a bar to such proceedings after the expiration of prescribed periods of time dependent upon the facts in the particular case. Prior to the date the act became effective a case might be reopened and the award increased upon a showing of a change in condition for

the worse. Subsequent thereto, there is the additional requirement that the application be made before the expiration of a certain period of time or be forever barred. The question involved in the instant case is whether or not the act shall be construed to be retroactive or prospective in its operation. In the case of Earl W. Baker v. Morris, 176 Okla. 68, 54 P. (2d) 353, the court was dealing with this same section of the act and held that no question of retroaction was involved therein for the reason that on the date the statute became effective claimant had sustained no change in condition and that no right of action had accrued to him on that date.

In the instant case claimant alleges that he sustained a change in condition in January, 1933, and there is evidence supporting such allegation. It therefore appears that the right to reopen had accrued on the date the act became effective, and if we hold the same to be effective as a bar against claimant in this case we will have given said act retroactive effect.

The question presented is by no means new. In the early history of our jurisprudence the courts were called upon to determine the effect of the enactment of statutes of limitations upon existing rights. In the early case of Sohn v. Waterson, 17 Wall. (84 U. S.) 596, the court discussed various theories of construction theretofore adopted to avoid the immediate erection of a bar to a cause of action by the passage of a statute of limitations. Therein it is said:

"A statute of limitations may undoubtedly have effect upon actions which have already accrued as well as upon actions which accrue after its passage. Whether it does so or not will depend upon the language of the act, and the apparent intent of the Legislature to be gathered therefrom. When a statute declares generally that no action, or no action of a certain class shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But if an action accrued more than the limited time before the statute was passed a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the Legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation. In doing this, three different modes have been adopted by different courts. One is to make the statute apply only to causes of

action arising after its passage. But as this construction leaves all actions existing at the passage of the act, without any limitation at all (which, it is presumed, could not have been intended), another rule adopted is, to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires—which reasonable time is to be estimated by the court—leaving all other actions accruing prior to the statute unaffected by it. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or, as to them, is unconstitutional, and is a more arbitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others."

The court approved the decision of the lower court, which was to the effect that the statute of limitations, so far as it affected the rights of action in existence when the statute was passed, began when the cause of action was first subjected to its operation. The above case was cited with approval in the early case of Schnell v. Jay, 4 Okla. 157, 46 P. 598. It was therein held that the statute of limitations adopted from Nebraska by the provisions of the Organic Act did not begin to run until May 2, 1890, at which time the cause of action was first subjected to its operation. In the case of Richardson v. Mackay, 4 Okla. 328, 46 P. 546, the court again approved the rule announced in Sohn v. Waterson, supra, and held that the statute of limitations of the territory did not begin to run against the cause of action until the cause was brought under the operation of the statute. In the case of Southgate v. Frier, 8 Okla. 435, 57 P. 841, it is said:

"Under a statute of territorial limitations, the time of limitation commences when the cause of action is first subjected to the operation of the statute, unless the Legislature has otherwise provided. The Legislature of Oklahoma having adopted a statute of limitations in 1890, which was abolished, and a new statute adopted in 1893, the effect of this legislation was to renew the causes of action which had not expired before the new statute took effect, the Legislature not having otherwise provided."

We quote from the body of the opinion in the case of Huber v. Zimmerman, 8 Okla. 573, 58 P. 737, as follows:

"In Lewis v Lewis, 7 How. 778, Taney, C. J., said: 'From what time is the limitation to be calculated? Upon principle, it would seem to be clear that it must commence when the cause of action is first subjected to the operation of the statute, unless the Legislature has otherwise provided.' "

The cases above cited were quoted with approval in the case of In re Mosher, 24 Okla. 61, 102 P. 705, 24 L. R. A. (N. S.) 530, 20 Ann. Cas. 209, and it was therein held:

"In construing a statute of limitations, it must, so far as it affects rights of action in existence when the statute is passed, be held in the absence of a contrary provision to begin when the cause of action is first subjected to its operation."

In the case of Theis v. Board of County Com'rs of Beaver County, 22 Okla. 333, 97 P. 973, it is said:

"A statute of limitations will not be given a retroactive operation unless it appears by express provision or necessary implication that such was the legislative intent. Thoeni v. City of Dubuque, 115 Iowa, 482, 88 N. W. 967. The case of Bradford v. Barclay. 42 Ala. 375, is strongly in point on this question. Defendant in the Barclay Case pleaded a set-off, and in reply plaintiff pleaded the statute of limitations. After these pleadings were filed, a new statute was enacted excepting cases of set-off from the bar of the statute similar to the Oklahoma Statute of 1905. The court held that the new statute did not operate retroactively, so as to deprive plaintiff of his right to plead the bar of the old statute.

"In addition to the foregoing, it seems other courts have uniformly held that a statute of limitations will not be so construed as to affect a cause of action barred at the time of its passage. Whitehurst v. Dey, 90 N. C. 542; McKinney v. Springer, 8 Blackf. (Ind.) 506; Thompson v. Read, 41 Iowa, 48; Cassity v. Storms, etc., 64 Ky. 452; Ireland v. Mackintosh, 22 Utah, 296, 61 P. 901; Fish v. Genett, 56 S. W. 813, 22 Ky. Law Rep. 177; Stine v. Bennett. 13 Minn. 153 (Gil. 138); Baldro v. Tolmie. 1 Ore. 176; Pridgeon v. Greathouse, 1 Idaho, 359; Ivey v. Blum, 53 Ala. 172; People v. Columbia Co., 10 Wend. (N. Y.) 363; Phillips v. Cameron, 48 N. C. 390; Bowman v. Cockrill, 6 Kan. (2d Ed.) 190; Woart v. Winnick, 3 N H. 473. 14 Am. Dec. 384; Battles v. Fobes, 18 Pick. (Mass.) 532."

The case of Sohn v. Waterson, supra, was cited and its principle applied in the cases of Herrick v. Boquillas Land & Title Co., 200 U. S. 96, and Union Pacific R. R. Co. v. Laramie Stock Yards Co., 231 U. S. 190. We quote from the body of the opinion in the last-cited case:

"The first rule of construction is that legislation must be considered as addressed to

the future, not to the past. The rule is one of obvious justice and prevents the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed. The rule has been expressed in varying degrees of strength but always of one import, that a retrospective operation will not be given to a statute which interferes with antecedent rights or by which human action is regulated, unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the Legislature.' United States v. Heth, 3 Cranch. 399, 413; Reynolds v. McArthur, 2 Pet. 417; United States v. American Sugar Refining Co., 202 U. S. 563, 577; Winfree, Admr., v. Northern Pac. Railway Co., 227 U. S. 296."

In line with the above authorities we cannot hold that claimant's right to reopen was barred immediately upon the passage of chapter 29, Session Laws 1933. On that date his right to reopen the cause had accrued and was in existence. The principle is well established in this jurisdiction that a statute of limitations, in so far as it affects rights of action in existence, when the statute is passed, be held, in the absence of a contrary provision, to begin when the cause of action was first subjected to its operation. The period of limitation described by section 4 of the above act begins on May 3, 1933, the effective date of the act, and since the period of limitation computed according to the terms of the act did not expire prior to the date of the application to reopen, said right was not barred by the above statute.

Respondent further contends:

"That the State Industrial Commission erred in rendering judgment for respondent A. W. Watkins in any sum on account of the alleged loss of use of his foot or disability to the same as the testimony shows that the injury occurred to the left foot and the respondent did not have an injury to his right foot. Dr. Knight who waited on the respondent swearing the injury was to the left foot and that the big toe on the right foot was the only thing injured on the right foot, and there is no reasonable testimony tending to support the findings of the commission that the respondent had an injury to his right foot, and the respondent would only be entitled to recover on an injury to his big toe, and as the commission has already allowed ten per cent. permanent partial disability to this foot on account of the injury to the toe, the respondent is not entitled to any further compensation."

The record shows that claimant sustained two separate injuries; that on March 2, 1928, while unloading material from a truck an elevator fell on his right foot breaking two bones in the right foot; that on March 19, 1928, he sustained an injury to his left foot; that said injury was a broken bone of the great toe. Separate claims were filed for each of the injuries, but the two cases were consolidated for a hearing, and the order of the commission of October 15, 1932, awarded claimant compensation for 10 per cent. permanent partial loss of the use of the right foot and 8 per cent. permanent partial loss of the use of the left foot. From an examination of the record, reports and evidence of all the witnesses, it is clear that the order of the commission involved herein is based upon the injury to the right foot. One of the medical experts testified to the effect that the only injury to the right foot was an injury to the great toe, but it is apparent that this witness was in error and had become confused for some reason regarding the nature of the injuries to each of claimant's feet.

Although the evidence is conflicting, the record discloses that the order and award of the commission is supported by competent evidence.

Accordingly the award is sustained.

McNEILL, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN. and GIBSON, JJ., concur. BAYLESS, J., absent.