ZIMMERMAN v. LEO SANDERS CONST. CO. et al.

No. 29669.    Jan. 21, 1941.

*109 P. 2d 486.*

H. M. Redwine, of Spiro, for petitioner.

John R. Wallace and A. C. Wallace, both of Miami, and Mac Q. Williamson, Atty. Gen., for respondent.

PER CURIAM. This is an original proceeding to review an order of the State Industrial Commission entered on the 12th day of December, 1939, wherein it found that the petitioner sustained an accidental injury when he lighted a match near a gasoline tank of a truck he was driving, causing facial burns.

The order was entered after exhaustive hearings. The State Industrial Commission found that the petitioner was temporarily disabled from February 14, 1939, to and including February 19, 1939. The petitioner prosecutes this proceeding because of the refusal of the State Industrial Commission to make an award for permanent disability.

The petitioner raises two issues in his proceedings to vacate the order. It is first argued there is no competent evidence to sustain the order. Several witnesses testified and the evidence is in irreconcilable conflict. It was the theory of the petitioner that he had sores on his body and a temperature of a little above a hundred degrees and possibly some eye trouble due to the accidental injury. It is pertinent to remark that Dr. Stafford, the expert witness for the petitioner, refused to support this claim by his testimony. Later another expert witness, Dr. Childs, supported this claim. Other expert witnesses denied this claim. The testimony of expert witnesses for the respondent was to the effect that there would be no permanent result from the burns, and that they were completely healed with no ill effects. The testimony of the expert witnesses for respondent, as reviewed above, reasonably supported the finding that the petitioner had no permanent disability. This was a question of fact for the determination of the State Industrial Commission. Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622. The rule to be applied, many times expressed by this court, is that the extent of the disability resulting from the accidental injury is a question of fact for the determination of the State Industrial Commission, and if there is any competent evidence to sustain the finding, an order based thereon will not be disturbed by this court on review. Hollis v. Mid-Continent Petroleum Co., 174 Okla. 544, 51 P. 2d 498; Magnolia Petroleum Co. v. Watkins, supra; Standard Roofing Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

Petitioner cites Sanders v. Rock Island Coal Mining Co., 138 Okla. 45, 280 P. 290. This case is not in point. Therein there was no competent evidence tending to disclose that the disability had ended, and it was so held. In the case at bar there is substantial evidence that there was no further disability after the healing of the burns on the face.

Finally petitioner complains of the rate of compensation as found by the State Industrial Commission. Since he was ordered paid the maximum of $18 per week for the time for which he was temporarily disabled, this question can only become important in the event that in a subsequent proceeding the State Industrial Commission is asked to make a further award. However, the State Industrial Commission found that the petitioner was entitled to the maximum rate of $18 per week as allowed by the Workmen's Compensation Law (section 13348 et seq., O. S. 1931, 85 Okla. St. Ann. § 1 et seq.), and the error, if any, in arriving at the conclu-

sion has done no harm to the petitioner, for he could not receive more than the maximum of $18 per week.

The order of the State Industrial Commission is sustained.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.