# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN        AUSTIN 11, TEXAS
ILLIAMSON


Honorable R.L. Wilson, Member
Texas Board of Pharmacy
Huntsville, Texas

Dear Sir:

Opinion No. 0-3577
Re: (1) Whether the Texas Board of
Pharmacy may refuse to issue a
reciprocity license to an appli-
cant licensed in another State on
grounds of moral character. (2)
Whether the Board may call an ap-
plicant who seeks a license by
reciprocity before it for examina-
tion as to character, ethics and
past experience.

We have given careful consideration to the above ques-
tions upon which you have requested our opinion. These ques-
tions involve a construction of Section 9 of 4542a, Vernon's
Annotated Civil Statutes, known as the Texas Pharmacy Law. We
quote said Section 9 and underscore those provisions which re-
late directly to the questions under consideration:

"Sec. 9. Every applicant for license as a
registered Pharmacist shall be not less than
twenty-one years of age, of good moral character,
and a graduate of a school or college of pharma-
cy recognized by the Board. Such applicant, in
addition to the time required to graduate from
school or college of pharmacy and exclusive of
the portion of the year spent in attendance at
school or college, shall have had at least one
year of practical experience in retail pharmacy
under the direct supervision of a registered
pharmacist, which experience shall be principal-
ly work directly related to selling drugs and
poisons, compounding of pharmaceutical prepara-
tions and physicians' prescriptions, and keeping
of records and making reports required under
the State and Federal statutes; and to obtain
a license shall pass a theoretical and practical
examination satisfactory to the Board of pharma-
cy. _Provided that the Board may at its discre-
tion grant license as pharmacist to persons who_

furnish proof that they have been registered as
such in some other State, and that they are of
good moral character, provided such other State
in its examination required the same general
degree of fitness required by this State and
grants the same reciprocal privileges to pharma-
cists of this State; and provided that exemption
from the graduate in pharmacy requirement for
entrance to examination for registration as
pharmacist shall be allowed to persons who be-
fore this Act becomes effective have been em-
ployed for at least six months in a retail phar-
macy under the supervision of a registered phar-
macist, and who register with the Board for such
examination within one year after this Act be-
comes effective and who, within not more than
five years from date on which this Act becomes
effective, produce satisfactory evidence to the
Board of Pharmacy of having had four years of
pharmaceutical training under the supervision
of a registered pharmacist and shall success-
fully pass the examination required by the Board
of Pharmacy."    (Underscoring ours).

The validity of the Texas Pharmacy Law as a regulation
of the profession of pharmacy in the interest of the public
health cannot be questioned. 21 Tex. Jur., 511; Hanzal v. City
of San Antonio, 221 S.W. 237. The good moral character of those
practicing pharmacy is as vital to the safety of the public as
is their training and experience. The Legislature may properly
make character as well as training a prerequisite to a license.
33 American Jurisprudence 372; McDonough v. Goodcell, 13 Cal.
(2d) 741, 91 P. (2d) 1035, 123 A. L. R. 1205. The discretion
and duty to pass upon the moral fitness of applicants may be
conferred by the Legislature upon the administrative board or
agency charged with granting the licenses. 48 Corpus Juris 1090.

We have been unable to find any Texas cases passing upon
the precise questions submitted, but we refer to two cases from
other States which by analogy are applicable. The Supreme Court
of Oklahoma In Re Mosher, 24 Okla. 61, 102 P. 705, held that a
reciprocity provision in the Oklahoma Constitution as to licens-
ing attorneys did not preclude inquiry into the moral qualifi-
cations of applicants from other States. Fernel v. State Board
of Medical Examiners, 267 Pac. 561, by the California Court of
Appeals holds that an applicant for a reciprocity certificate
to practice medicine must satisfy the board of his good moral
character, under the provisions of the Medical Practice Act of
California. We quote from the courts opinion in that case:

"If it be required that one shall show
reasonable evidence that he is an ordinarily
decent fellow before he shall have the privi-
lege of submitting himself to the examination
provided before he may emerge from the status
of a student to that of a licensed practition-
er in our state, what reason could be advanced
to excuse this showing in a recent comer in our
midst, whose history is unknown to us, and who
may have found it convenient to seek pastures
new for reasons not comfortable to disclose?"

The underscored portion of Section 9 of the Act quoted
above, manifests, in our opinion, a clear intention on the part
of the Legislature to make proof of good moral character of the
applicant to the board's satisfaction a prerequisite to the
granting of a license to one who was previously licensed in
another State.  If the board acts arbitrarily and without justi-
fication in this regard, the applicant may have his remedy in
the courts.

We likewise believe that it would be within the author-
ity and discretion of the State Board of Pharmacy to require ap-
plicants for licenses as pharmacists, whether by examination or
reciprocity, to appear before it in order that it may make per-
sonal examination of the applicant as to his moral character,
ethics, experience, etc.  Section 4 of Article 4542a provides
in part:

"* * *.  The Board shall have the power to
make by-laws and regulations, not inconsistent
with the law, for the proper performance of its
duties * * *."

Requiring the personal appearance of applicants before
the board would, we believe, come within the scope of discretion
as to the manner of discharging its duties which has been dele-
gated to the board by the Legislature.  As stated at 27 Texas
Jurisprudence 888:

"In conferring power to license and prescrib-
ing rules under which the power is to be exercised,
a law-making body does not delegate a legislative
function, but an administrative or quasi-judicial
one, even though considerable latitude is given
the licensing official in exercising such power."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Walter R. Koch
Walter R. Koch
Assistant

WRK:RS:wc

APPROVED JUN 9, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman