FULLER, Gdn., v. PHILLAINE OIL CO. et al.

No. 31198. Oct. 19, 1943.

Rehearing Denied Feb. 1, 1944.

*145 P. 2d 176.*

C. H. Baskin, of Holdenville, for petitioner.

Parke Davis, of Tulsa, Gibson & Savage, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 28th day of January, 1942, Everett B. Fuller, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he was injured January 5, 1942, while employed as a roustabout with the Phillaine Oil Company. He was paid $66.65 temporary total disability on February 9, 1942. On the 27th day of August, 1942, hearings were conducted, following which, on the 28th day of September, 1942, an order was entered for payment for 17 weeks' temporary total disability, totaling $261.63. In this order the State Industrial Commission found that the claimant had not sustained any permanent disability as a result of the accidental injury, and that although he was totally and permanently disabled, such disability was not the result of the accidental injury of January 5, 1942.

Claimant has commenced this proceeding to review this order and the sole issue presented is that there is no competent evidence reasonably tending to sustain the order. In this respect it will be necessary to review briefly the contentions of the parties at the various hearings conducted. The respondent Phillaine Oil Company and its insurance carrier, Insurors Indemnity Company, first filed an application to discontinue payments for temporary total disability. The claimant then presented, through his guardian, evidence tending to disclose that claimant was permanently and totally disabled. It was the contention that such permanent and total disability was the result of the accidental injury. The record discloses that claimant sustained a back injury while he was lifting some heavy objects during his employment as roustabout with the Phillaine Oil Company. Subsequent to the filing of the claim on the 28th day of January, 1942, and on or about the 14th day of August, 1942, a guardian was appointed on the ground of incompetency of claimant, and this proceeding is maintained by the claimant's guardian.

Several competent medical expert witnesses testified during the proceeding. At the conclusion of the hearings the State Industrial Commission found as above stated that, although the claimant is now permanently and totally disabled by reason of insanity, such disability is not the result of the accidental injury of January 5, 1942. We have held that the cause and extent of the disability arising from a compensable accidental injury are questions to be determined by the State Industrial Commission, and where there is any competent evidence reasonably tending to sustain the findings, an order based thereon will not be disturbed on review. Zimmerman v. Sanders Const. Co., 188 Okla. 361, 109 P. 2d 486; Hollis v. Mid-Continent Pet. Co., 174 Okla. 544, 51 P. 2d 498; Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

Claimant urges that more and better qualified witnesses testified in his behalf than on behalf of respondent. As stated in Standard Roofing & Material Co. v. Mosley, supra, the State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.

The competency of the evidence to support the order is the single issue presented.

Order sustained.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.