## UNITED IRON WORKS et al. v. SMETHERS et al.

No. 23317. Opinion Filed Sept. 20, 1932.

J. Fred Swanson and N. A. Gibson, for petitioners.

J. Berry King, Atty. Gen., Hunter L. Johnson, and Floyd E. Staley, for respondents.

McNEILL, J. This is an original proceeding to review an order and award made by the State Industrial Commission on December 31, 1931. The respondent sustained an accidental personal injury on February 11, 1920, while working for the petitioner, the United Iron Works. On May 12, 1920, respondent returned and continued to work for said petitioner until about the 20th of May, 1922. During that year respondent filed proceedings before the Commission asking for additional compensation. On November 24, 1923, the Commission entered its order directing payment of compensation from May 25, 1922, until otherwise ordered by the Commission. A motion to discontinue compensation was thereafter filed with the Commission, and on April 10, 1924, the Commission found that the compensation should be discontinued as of February 19, 1924. No application to review said award or judgment was made, and the same has become final. Thereafter, on August 11, 1931, respondent filed a motion to reopen, alleging that since the discontinuance of compensation to him in 1924, there had been

a change of condition and by reason thereof he was entitled to additional compensation. After a hearing thereon the Commission entered the aforesaid order of December 31, 1931, finding that respondent was entitled to compensation on the basis of 40 per cent. loss of the use of his right leg below the knee and 25 per cent. of use of left leg below the knee, or a total of 32½ per cent. for 162½ weeks at the rate of $18 per week, or a total sum of $2,925.

The Commission found respondent had suffered a change of condition, and at the time of making said order that respondent had suffered a permanent partial disability. Petitioners urge that the Commission erred in finding that the Workmen's Compensation Law as set out in section 7290, paragraph 1, C. O. S. 1921, as amended by Session Laws 1923 [O. S. 1931, sec. 13356] was in force at the date of the accident; that respondent's right to recover at the date of the injury was determined by the Workmen's Compensation Law adopted in 1919, which contained no provision for permanent partial loss of use of a leg or other member and one providing for compensation for permanent partial disability upon the basis of lack of earning capacity, and the difference between his former earning capacity and his then earning capacity, the compensation to be by taking 50 per cent. of said difference.

It was clearly not the intent of the Legislature when it amended the Workmen's Compensation Law by the amendment in 1923, that it apply to accidental personal injuries occurring prior to enactment of said amendment. This would be retroactive, impair vested rights, and be unconstitutional.

When the respondent received the accidental personal injury in the case at bar, the right for compensation became vested, contingent upon compliance with the provisions of the act, and the obligation to pay under the existing law at that time was fixed. The amendment as contended for in the instant case would strike down the vested rights of the parties under the Workmen's Compensation Law. See Gauthier v. Penobscot Chemical Fiber Co. (Me.) 113 Atl. 28.

We consider it unnecessary to discuss the question further. The award is vacated and set aside, and remanded to the Commission for further proceeding consistent with the views herein expressed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER and ANDREWS, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 216; L. R. A. 1917D, 89; 28 R. C. L. 715, 716; R. C. L. Perm. Supp. p. 6187; R. C. L. Pocket Part, title "Workmen's Compensation," § 5.