WALKER v. NIX, County Clerk.

No. 31907. Jan. 15, 1946.

*165 P. 2d 378.*

H. T. Tumilty and Ted R. Elliott, both of Oklahoma City, for plaintiff in error.

George Miskovsky, Co. Atty., and Norman J. Futor, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

BAYLESS, J. Horace B. Walker appeals from the order of the district court of Oklahoma county refusing to compel Helen Nix, county clerk, to accept for recording and record a deed to a certain tract of land in Oklahoma county. It is agreed that the deed is otherwise eligible for recording except for a lack of compliance with 19 O. S. 1941 § 841 et seq. (S. B. 139, S.L. 1943). This act provides, in substance, for the establishment of a regional planning commission, the performance of certain duties by that commission, and forbids the recording of deeds to lots or tracts of five acres or less unless the lands of which the tract or lot is a part have been platted and the plat approved by the regional planning commission. Nix refused to receive and record the deed because it did not bear an endorsement of the approval of the commission and plaintiff refused to comply with the requirements of the act in this respect on the theory that the act is unconstitutional for the reasons hereafter to be discussed. The facts are stipulated.

Plaintiff entered into a contract with Young and wife about August 25, 1941, to purchase the real estate involved and was to receive a deed when he had completed the terms of the purchase contract. The Regional Planning Commission of Oklahoma County was organized December 1, 1943, as provided by the act, supra. December 3, 1943, plaintiff completed compliance with the terms of the purchase contract, received his deed and tendered it for record on December 4, 1943, with the results above outlined.

Plaintiff asserts that the act violates the Constitution of Oklahoma, secs. 32, 46, and 59, art. 5, relating to the enactment of special legislation; sec. 7, art. 2, and Amend. 14, of the Federal Constitution, in depriving him of his

property without due process of law; sec. 2, art. 2, depriving him of his liberties, including the enjoyment of the gains of his industry; and sec. 2, art. 12-A, relating to the laws of homesteads.

We are of the opinion that the act in question does not apply to this transaction. As suggested by plaintiff in his argument based on rights claimed under section 7, art. 2, supra, as well as those arising under section 15, same article, to apply this act to this case would give the act retroactive or retrospective application and interfere with vested contract rights.

At the time plaintiff contracted to purchase this property there was no restriction on the sale or purchase of the land or recording of deeds such as is involved here. At any time up to December 3, 1943, when plaintiff fully performed, the vendor under the contract could have enforced its terms against him. Assuming that the act can be construed as an inhibition against the sale of lots or tracts of the type described in the act without compliance with its requirements, such an inhibition could not reach the vendor because he made his sale before the act was passed or the organization was set up. To say that this is true and at the same time say that the vendee may not record his deed because his vendor did not do a particular thing that was not required of him at the inception of the contract would produce an anomalous situation. In other words, at the time plaintiff contracted to buy this tract of land and obligated himself to perform the terms of the contract and receive the deed therefor, there was no restriction, such as is contained in the act, on his right so to purchase or to record his deed. We think it is fairly obvious that the act in question substantially affects the unrestricted right he had prior thereto. 16 C. J. S. 642, § 212, Vested Rights, et seq. Our opinion in Baker v. Tulsa Building & Loan Association, 179 Okla. 432, 66 P. 2d 45, contains a complete discussion of the problem of retroactive legislation on vested contract rights.

There is no necessity for discussing the other issues argued nor for construing the act. It does not apply here, and plaintiff is entitled to record his deed without reference to the act.

Let the writ sought issue.

GIBSON, C.J., and RILEY, OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur.