**SPECIAL INDEMNITY FUND**

v.

**DAILEY et al.**

**No. 36141.**

Supreme Court of Oklahoma.

May 25, 1954.

Rehearing Denied June 22, 1954.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioner.

I. Jake Blevins, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, Justice.

This is an original proceeding by the Special Indemnity Fund to review an order of the State Industrial Commission commuting to a lump sum a portion of an award theretofore made against the Fund in favor of claimant, Charlie Edward Dailey.

On November 12, 1952, the Commission made an award in the amount of $11,875 in favor of claimant against the Special Indemnity Fund to be paid at the rate of $25 per week. This order was not appealed from and became final. Payments were begun in compliance with the order.

At the time of the order the law then in effect, 85 O.S.1951 § 172, directed payment of an award against the Fund in periodical

installments and without commutation thereof to a lump sum.

The 1953 Legislature amended Section 172 as follows:

"Provided that whenever an injured employee receives an award in excess of Seven Thousand Five Hundred ($7,500.00) Dollars payable out of the Special Indemnity Fund, said injured employee, for good cause shown, in cases of extreme hardship, may have said award commuted to a lump sum payment by permission of a majority of the members of the State Industrial Commission. Said lump sum payment not to exceed twenty-five (25%) per cent of the total award payable by the Special Indemnity Fund. All other awards payable out of the Special Indemnity Fund shall be paid in periodical installments and without commutation thereof to a lump sum." 85 O.S.Supp. § 172.

This amendment became effective May 1, 1953.

Thereafter claimant made application to the Commission for commutation to a lump sum of a portion of the award theretofore made in his favor against the Fund. After the hearing on this application had on June 23, 1953, the trial Commissioner issued an order commuting to a lump sum 25% of the amount remaining due and unpaid under the original order which sum amounted to $2,775. Upon appeal to the Commission en banc the order of the trial Commissioner was affirmed and approved.

The Special Indemnity Fund here urges that the act of the Legislature amending the former act so as to allow commutation of a portion of an award against the Fund must be given a prospective and not a retrospective construction, otherwise the amendment is unconstitutional. In this connection it argues that the rights of both claimant and the Fund are determined by the provisions of the law in force at the time claimant received his injury; that after the order making an award against the Fund became final such order could not be modified so as to impose a greater liability against the Fund; that to allow claimants who received an award in excess of $7,500 prior to the 1953 amendment to commute a portion thereof to a lump sum, as well as claimants receiving such awards after the amendment, would impair the vested rights of those who had awards against the Fund for less than $7,500; citing Section 15, Article II of the Constitution (which section prohibits bills of attainder, ex post facto laws, and impairment of contracts); Swatek Const. Co. v. Williams, 177 Okl. 305, 58 P.2d 585; Special Indemnity Fund v. Bramlett, 201 Okl. 415, 206 P.2d 972; United Iron Works v. Smethers, 159 Okl. 105, 14 P.2d 380; Special Indemnity Fund v. Hobbs, 196 Okl. 318, 164 P.2d 980; Walker v. Nix, 196 Okl. 365, 165 P.2d 378. From these cases petitioner reasons analogously that the intent of the Legislature was that the amendment was to have a prospective application only; that all claimants against the Fund had a vested right to have any payment made out of the Fund made periodically and not in a lump sum, so as to avoid excessive depletion or exhaustion of the Fund.

■ The amendment did not change the liability of the Fund in any manner. It merely provided that in certain instances claimants could, at the discretion of the Commission, have a portion of the award commuted to a lump sum. Such provision goes only to the method of payment. Unless the act is given a retrospective as well as a prospective application two classes of claimants will be created; in each class will be claimants who have received awards against the Fund in excess of $7,500, which awards have become final, and in each class will be claimants who by reason of extreme hardship need a lump sum payment; yet the one class, whose award became final before the effective date of the amendment will be unable to receive a lump sum payment, while the other class, whose situation is exactly the same but whose award becomes final after the effective date of the amendment can obtain such relief. A classification of this nature would be discriminatory and arbitrary.

■ Where one interpretation of a legislative act will render the act unconstitutional while another interpretation will not

it is our duty to so interpret the act as to render it constitutional. We therefore hold that it was the intention of the legislature that the amendment here in question should have a retrospective as well as a prospective application.

Award sustained.

JOHNSON, V. C. J., and CORN, DAVISON and BLACKBIRD, JJ., concur.

HALLEY, C. J., and WELCH, O'NEAL and WILLIAMS, JJ., dissent.