**LEE WAY MOTOR FREIGHT, INC., Petitioner,**

v.

**Floyd C. WILSON, Respondent.**

**No. 53354.**

Supreme Court of Oklahoma.

April 1, 1980.

Rehearing Denied May 5, 1980.

Ben A. Goff, Oklahoma City, for petitioner.

C. W. Schwoerke, Oklahoma City, for respondent.

IRWIN, Vice Chief Justice.

In July, 1977, claimant Wilson sustained a compensable injury. In September, 1978, he was awarded seventy percent (70%) permanent partial disability to the body as a

7. *In Matter of Sherol A. S.*, 581 P.2d 884 (Okl. 1978).

whole. In January, 1979, upon claimants application, and testimony demonstrating that he was unable to exist on the weekly benefit and had incurred considerable indebtedness while unable to work, the trial court commuted the balance of his award to a lump-sum and ordered the payment of approximately $10,000.00.

Petitioner first contends that there was insufficient evidence upon which the trial court could base its determination to commute the award to a lump sum. We have held that the State Industrial Court (Worker's Compensation Court) has wide discretion in commuting an award to a lump sum, and where it does not affirmatively appear that the court abused its discetion and such commutation tends to promote substantial justice to all parties involved, such commutation will not be disturbed by this court on review. *Kerr's Inc. v. Smith*, Okl., 359 P.2d 330 (1961). No such abuse appears in this case, and the order will not be disturbed for lack of evidence.

Petitioner next contends that the order is in error because it is in excess of the amount that is authorized under 85 O.S. 1977 Supp., § 41. The 1977 amendatory language, which became effective on July 1, 1978, provides in part:

"Whenever an injured person receives an award for permanent partial disability, the injured employee, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court. *The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum.*" (Emphasis added)

Prior to the 1977 amendment there was no limitation on the amount of an award which could be commuted. As noted, the 1977 limitation did not become effective until July 1, 1978. Wilson's injury occurred prior to that date, and his compensation award was based upon the law in existence at that time. However, petitioner insists that the language of the 1977 amendment is applicable, while respondent contends that his rights are governed by the prior law. If

the 1977 amendment is applicable, the commutation order must be reversed. If it is not, the order will be sustained.

Petitioner's rationale for applying the limitation which became effective on July 1, 1978 to injuries prior to that date is that the amendment is "procedural" rather than "substantive" in nature. It is argued that it affects only the method of payment and must be given retroactive application. Petitioner supports this argument by reference to *Special Indemnity Fund v. Dailey*, Okl., 272 P.2d 395 (1954) where this court held that 85 O.S.1953 Supp., § 172, which authorized lump-sum payments from the Special Indemnity Fund, should be applied retroactively. In that case the Special Indemnity Fund challenged the retroactive operation of the statute, and the reasons for the holding appear to be that to give the Act only prospective operation would create two classes of claimants without a rational basis, and such provision authorizing the granting of lump-sums goes only to the method of payment. The Court said it was the intention of the legislature that the amendments should have a retrospective as well as a prospective application. We note the amendments in *Dailey* granted the injured employee the right to receive a lump-sum commutation from the Special Indemnity Fund, rather than imposing limitations on the amount that could be commuted.

The 1953 amendment involved payment from the Special Indemnity Fund, and in *Special Indemnity Fund v. Reynolds*, 199 Okl. 570, 188 P.2d 841 (1948), we noted that the public interest and welfare was involved in the application of the Workmen's Compensation Act resulting in an award against the Special Indemnity Fund. At the time of the 1953 amendment authorizing the lump-sum payment from the Special Indemnity Fund, lump-sum payments had already been authorized against employers where a contractual relationship existed between the employers and the employee. See *Smith and Son Drilling Co. v. Cox*, 162 Okl. 301, 21 P.2d 496 (1933). The 1953 amendment considered in *Dailey* placed the right to receive a lump-sum payment from

the Special Indemnity Fund on the same basis that a claimant would have to receive a lump-sum payment from his employer.

■ In our opinion the 1977 amendment under consideration could not affect claimant's rights to have the award commuted. The right to compensation benefits and the obligation to pay such benefits are vested and become fixed by law at the time of the injury. *Apple v. State Insurance Fund*, Okl., 540 P.2d 545 (1975); and *Washabaugh v. Bartlett Collins Glass Co.*, 177 Okl. 159, 57 P.2d 1162 (1936). A compensation claim is controlled by the laws in existence at the time of the injury and not by laws enacted thereafter. *Caswell v. Bird*, 160 Okl. 224, 16 P.2d 859 (1933). A claimant's right to compensation is determinable by the laws in force when the injury was sustained, notwithstanding a subsequent amendment to the law. *United Iron Works v. Smethers*, 159 Okl. 105, 14 P.2d 380 (1932).

In *Magnolia Petroleum v. Watkins*, 177 Okl. 30, 57 P.2d 622 (1936) this court laid down the rule relating to changes in worker's compensation benefits:

"The general rule is that the right of an employee to compensation arises from the contractual relation existing between him and his employer on the date of the injury, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties, and that no subsequent amendment which has the effect of increasing or diminishing the amount of compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed."

Order sustained.

All the Justices concur.