Dear Representative Craighead,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
When a business corporation that is unable to locateshareholders or has distributive shares that remain unclaimed orin dispute, begins a voluntary dissolution prior to the effectivedate of the Oklahoma General Corporation Act, 18 O.S. 1001(1987) et seq., does the old Business Corporation Act, 18 O.S.1.1 (1981) et seq., or the General Corporation Act, control asto those shares?
¶ 1 Article V, Section 54 of the Oklahoma Constitution provides:
 The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.
(Emphasis added.)
¶ 2 The Oklahoma Supreme Court decisions construing this constitutional provision support the conclusion that the rights of the known and existing shareholders of the subject corporation constitute "accrued rights." Further, the proceedings for corporate dissolution, including the filing of a Certificate of Intent to Dissolve under title 18 O.S. 1.182(b) (1981) of the Business Corporation Act, the subsequent filing of the Articles of Dissolution under 18 O.S. 1.182(c) of the Business Corporation Act, and the holding and disposition of the unclaimed shares, constitute "proceedings begun" by virtue of 18 O.S.1.193 of the Business Corporation Act. 18 O.S. 1.193 of the Business Corporation Act was not repealed until after such rights had accrued and such proceedings had begun. Therefore, retroactive displacement of 18 O.S. 1.193 of the Business Corporation Act by the enactment of the General Corporation Act, allowing for the Disposition of Unclaimed Property Act, is prohibited by Article V, Section 54 of the Oklahoma Constitution.
¶ 3 In Prudential Property and Casualty Company v. Grimes,725 P.2d 1246 (Okla. 1986), the statute proposed to be repealed was 62 O.S. 206 (1981), which provides that taxes alleged to be unconstitutional may be paid under protest to a collecting officer, who is required to hold them in a special trust fund until the final determination of the protest proceedings. In that case the legislature planned to transfer monies deposited in this special trust fund by the plaintiffs to the general revenue fund and use them to carry out governmental operations. The Supreme Court ruled that these legislative actions amounted to nothing less than the partial repeal of 62 O.S. 206 (1981) and thus were contrary to Article V, Section 54 of the Constitution.
¶ 4 In reaching this conclusion, the Oklahoma Supreme Court reviewed its prior decisions regarding Article V, Section 54. In order to define the term "proceeding," as it is meant in this provision, the Court quoted Green v. Board of Com'rs of LincolnCo., 126 Okl. 300, 259 P. 635 (1927):
 [A]n act necessary to be done in order to obtain a given end; a prescribed mode of action for carrying into effect a legal right; performances of an act, wholly distinct from any consideration of an abstract right[.]
Prudential Property, 725 P.2d at 1249.
¶ 5 The Supreme Court in Prudential also noted the ruling inFirst National Bank and Trust Company v. Crudup., 656 P.2d 914
(Okla. 1982), where it held:
 The term "proceedings begun" refers to essential steps or measures to invoke, establish, or vindicate a right.
656 P.2d at 916.
¶ 6 Thus, the filing of a Certificate of Intent to Dissolve and Articles of Dissolution with the Secretary of State, and the depositing of the unclaimed shares of its property with a trust company for the prescribed period, pursuant to 18 O.S. 1.193 of the Business Corporation Act, does constitute the beginning of a "proceeding" for purposes of Article V, Section 54 of the Oklahoma Constitution.
¶ 7 In Cowart v. Piper Aircraft Corporation, 665 P.2d 315
(Okla. 1983), the legislature repealed a long-arm statute essential to the plaintiff's cause of action, after the tort had occurred but prior to her filing suit. The Supreme Court ruled:
 Constitutional Article V, Section 54 prohibits the repeal of an accrued right to bring an action from and after the time the right exists. As a general rule, the accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued and the statute of limitations begins to run. The true test is to ascertain the time when plaintiff could first have maintained his action. Georgia v. O'Herion, 176 Okl. 103, 54 P.2d 657 (1936). Thus the provision of the Oklahoma Constitution contained in Article V, Section 54 pertaining to an accrued right prohibits disturbing the existence of a cause of action from and after its inception, which is the first time plaintiff could have maintained his action.
665 P.2d at 317-318.
¶ 8 According to title 18 O.S. 1.193(b) (1981) of the Business Corporation Act, the known and existing shareholders could have posted a bond "at any time" after the deposit of the unclaimed property and become entitled to distribution of the unclaimed shares. If the shareholders had done so before November 1, 1986, the effective date of the repeal of 18 O.S. 1.193 of the Business Corporation Act, and the unclaimed property was not distributed by the depository trust company, they could have then instituted and maintained a suit against the trust company.
 A person's failure to exercise a right statutorily provided therein, before the repeal or amendment of the statute, in no way affects or lessens the right.
Hammons v. Muskogee Medical Center Authority, 697 P.2d 539
(Okla. 1985), at 542.
¶ 9 Therefore, the mere fact that the shareholders failed to exercise their right prior to November 1, 1986, the effective date of the repeal of 18 O.S. 1.193 of the Business Corporation Act, should not in any way lessen that accrued right.
¶ 10 Further, Article II, Section 7 of the Oklahoma Constitution states that:
 No person shall be deprived of life, liberty, or property, without due process of law.
¶ 11 Article II, Section 15 of the Oklahoma Constitution provides in pertinent part:
No bill of attainder, expost facto law, nor any law impairing the obligation of contracts shall ever be passed.
¶ 12 As applied to such a corporation, the known and existing shareholders are third party beneficiaries of a contractual arrangement that was established under title 18 O.S. 1.193(b) (1981) of the Business Corporation Act. At the time this contractual relationship was entered into the known and existing shareholders were entitled to receive the unclaimed property after the statutory three year period, unless they chose to post a bond and receive the property earlier. In Walker v. Nix,165 P.2d 378 (Okla. 1946), the Oklahoma Supreme Court stated:
 We are of the opinion that the Act in question does not apply to this transaction. As suggested by the plaintiff in his argument based on rights claimed under Article II, Section 7, supra, as well as those arising under Article II, Section 15, to apply this Act to this case would give the Act retroactive or retrospective application and interfere with vested contract rights.
* * *
 In other words, at the time plaintiff contracted to buy this tract of land and obligated himself to perform the terms of the contract and receive the deed therefor there was no restriction, such as is contained in the Act, on his right so to purchase or to record his deed. We think it is fairly obvious that the Act in question substantially affects the unrestricted right he had prior thereto. 16 C.J.S. p. 642, Constitutional Law, Vested Rights, 215 et seq. Our opinion in Baker v. Tulsa Building Loan Association, 179 Okl. 432, 66 P.2d 45, contains a complete discussion of the problem of retroactive legislation on vested contract rights.
165 P.2d at 379, 380.
¶ 13 Thus, Walker v. Nix, supra, compels the conclusion that Article V, Section 7 and Article V, Section 15 of the Oklahoma Constitution prohibit the retroactive divestment of accrued rights of the known and existing shareholders to the unclaimed shares, by the enactment of 18 O.S. 1002(B) of the General Corporation Act, and subsequent repeal of 18 O.S. 1.193 of the Business Corporation Act.
¶ 14 It is, therefore, the official opinion of the AttorneyGeneral that when a business corporation that is unable to locateshareholders or has distributive shares that remain unclaimed orin dispute, begins a voluntary dissolution prior to the effectivedate of the Oklahoma General Corporation Act, 18 O.S. 1001 (1987)et seq., title 18 O.S. 1.193 (1981) of the Business CorporationAct is controlling as to the "proceedings begun" and accruedrights of the subject corporation and its shareholders, despitethe enactment of the Oklahoma General Corporation Act.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL