2012 OK 94

**David JORDAN, Plaintiff/Appellant,**

v.

**WESTERN FARMERS ELECTRIC CO-OPERATIVE, A Domestic Not For Profit Cooperative, Defendant/Appellee.**

No. 108,550.

Supreme Court of Oklahoma.

Nov. 13, 2012.

REIF, J.:

¶1 The issue presented on certiorari review is whether an employee in district court pled sufficient facts to plausibly demonstrate that employer's conduct was intentional under the substantial certainty standard, removing the claim from the exclusive remedy of the Workers' Compensation Act. We hold that the employee's petition was sufficient to withstand the employer's dismissal motion. Accordingly, we reverse the trial court's dismissal of the employee's action, and remand the case for further proceedings in the district court.

¶2 David Jordan brought suit in district court against his employer, Western Farmers Electric Cooperative. Jordan claimed that Western disposed of highly toxic fly ash, a by-product of the company's operations, in ponds created for that purpose until 2002. Then, Western began spreading the ash on the plant's roads and parking lots. Jordan states that his on-the-job exposure to the highly toxic fly ash caused him injury, and that he suffered pain, impairment, and lost income as a result. Jordan asserted that Western's conduct amounted to an intentional tort.

¶3 Western argued that Jordan's claim did not meet the standard an intentional tort under the substantial certainty test set out in *Parret v. UNICCO Service Co.*, 2005 OK 54 ¶26, 127 P.3d 572, 579, and that as a result, the Worker's Compensation Court had exclusive jurisdiction. The trial court dismissed the case with prejudice under 12 O.S. § 2012(B)(1) for failure to state a claim upon which relief may be granted. Jordan appealed, and the Court of Civil Appeals affirmed, holding Jordan failed to allege facts which plausibly demonstrated Western's conduct was intentional under the substantial certainty standard.

¶4 Jordan filed a petition for certiorari. His chief complaint was that the trial court and Court of Civil Appeals erred in concluding "[the petition] failed to allege facts which plausibly demonstrate that Defendant's conduct was intentional under the substantial

Jerry L. McCombs, Jerry L. McCombs, P.C., Idabel, Oklahoma for Plaintiff/Appellant.

Rachel R. Shephard, Douglas A. Rice, DERRYBERRY & NAIFEH, LLP, Oklahoma City, Oklahoma, for Defendant/Appellee.

certainty standard."[1] This Court previously granted certiorari to determine the sufficiency of the petition to state a claim for intentional tort under the former substantial certainty standard.

¶ 5 Review of the trial court's dismissal for failure to state a claim upon which relief may be granted presents a question of law as to whether the petition is legally sufficient. *Hayes v. Eateries, Inc.,* 1995 OK 108, ¶ 2, 905 P.2d 778, 780. This Court reviews questions of law de novo. *Id.* When reviewing such a dismissal, "an appellate court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Great Plains Federal Savings and Loan Association v. Dabney,* 1993 OK 4, ¶ 2 n. 3, 846 P.2d 1088, 1090. "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Frazier v. Bryan Memorial Hospital Authority,* 1989 OK 73, ¶ 13, 775 P.2d 281, 287.

¶ 6 Upon review, this Court finds that the Court of Civil Appeals erred in affirming the trial court's dismissal, because Jordan alleged sufficient facts under the substantial certainty standard set forth in *Parret,* 2005 OK 54, ¶¶ 23–26, 127 P.3d at 578–79. Jordan's claim is controlled by 85 O.S.2001 § 11 and 85 O.S. Supp.2005 § 12, the liability provisions in effect at the time his claim accrued in August of 2009. OKLA. CONST. Art. V, § 54. These provisions,[2] that the Workers' Compensation Act provides exclusive liability in place of all other liability of the employer for accidental personal injury incurred by an employee during the scope of employment.

¶ 7 In Parret, this Court recognized an exception to the exclusive remedy of Workers' Compensation in cases where the employee's injury is not accidental, but results from an intentional tort. *Parret,* 2005 OK 54, ¶¶ 23–27, 127 P.3d at 578–79. According to Parret, "in order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct." *Id.* ¶ 24, 127 P.3d at 579. Although the sufficiency of the plaintiff's com-

---

1. Jordan's petition for certiorari also contended the dismissal with prejudice was error. Our decision on the substance of the claim makes it unnecessary to address this issue. *See Brown v. Founders Bank and Trust Co.,* 1994 OK 130, ¶ 9, 890 P.2d 855, 861.

2. Title 85 O.S.2001 § 11 provides:

    A.  Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of an employee resulting from an *accidental* personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury, ... (emphasis added)

    with exceptions for certain conduct by employees. The exclusivity provision is set out in section 12, as follows:

    The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and of his employees, any architect, professional engineer, or land surveyor retained to perform professional services on a construction project, at common law or otherwise, for such injury, loss of services, or death, to the employee, ....

85 O.S 2001 § 11 and 85 O.S. Supp.2005 § 12 were amended in 2010 and repealed in 2011. In their place, 85 O.S.2011 § 302 was enacted, providing in part:

    A.  The liability prescribed in this act shall be exclusive and in place of all other liability of the employer and any of his or her employees, at common or otherwise, for such injury, loss of services, or death, to the employee, ... except in the case of an intentional tort....
    B.  An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The issue of whether an act is an intentional tort shall be a question of law for the Court.

Because liability for on the job injuries is governed by the law in effect at the time of the injury, Jordan's claim is governed by sections 11 and 12, including the exception from exclusivity for an employer's intentional torts, as set forth in *Parret,* 2005 OK 54, ¶¶ 23–27, 127 P.3d at 578–79, and not section 302, enacted after Jordan's injury.

plaint was not at issue in Parret, this Court did address the necessary allegations to maintain a tort claim in district court. "The worker must allege facts which 'plausibly demonstrate' that the employer's conduct was intentional under the 'substantial certainty' standard." *Id.* ¶ 26, 127 P.3d at 579. Jordan met this heightened pleading requirement in his complaint.

■■ ¶ 8 Jordan's pleading sufficiently alleged facts under the substantial certainty standard because a trier of facts could reasonably infer from the allegations that Western acted with substantial certainty. A pleading must not be dismissed "unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Hayes,* 1995 OK 108, ¶ 2, 905 P.2d at 780 (quoting *Frazier v. Bryan Memorial Hospital Authority,* 1989 OK 73, ¶ 13, 775 P.2d 281, 287). Moreover, "the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Hayes,* 1995 OK 108, ¶ 2, 905 P.2d at 780.

¶ 9 As noted, in Parret this Court specifically addressed the requirements of allegations in order to remove a claim from the exclusive remedy of Workers' Compensation. *Parret,* 2005 OK 54, ¶ 26, 127 P.3d at 579. A worker "must allege facts which 'plausibly demonstrate' that the employer's conduct was intentional under the 'substantial certainty' standard." *Id.* Substantial certainty, as defined by Parret, is found when an employer intended the act that caused the injury with knowledge that the injury was substantially certain to follow. *Id.* ¶ 24, 127 P.3d at 579. This Court further clarified substantial certainty by stating, "an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances." *Id.*

¶ 10 The substantial certainty requirement was further refined in *Price v. Howard,* where the court stated that, "nothing short of a demonstration of the employer's knowledge of the substantial certainty of injury will suffice" to remove a claim from the exclusive remedy of Workers' Compensation. 2010 OK 26, ¶ 10, 236 P.3d 82, 88. In *Price,* a woman brought suit after her husband died while traveling in a corporate airplane during a business trip. *Id.* ¶ 3, 236 P.3d at 86. However, the claim in Price was not dismissed for failure to state a claim upon which relief may be granted, but rather because the plaintiff failed to demonstrate employer's knowledge on a motion for summary judgment. *Id.* ¶¶ 5–6, 236 P.3d at 86–87.

¶ 11 To determine whether Jordan's complaint sufficiently alleged facts, this Court must determine whether the allegations, when taken as true and all reasonable inferences drawn from them, "plausibly demonstrate" that Western acted with knowledge that Jordan's injury was substantially certain to follow.[3] Jordan alleged that Western disposed of toxic fly ash in ponds created for that purpose until 2002, when Western began spreading the ash on the plant's roads and parking lots. Jordan alleged Western acted with knowledge that there was substantial certainty serious death or injury would occur to its employees as a result. Jordan further alleged that he was injured as a result of this exposure and that he complained to Western in 2009. If all of these allegations are taken as true, a trier of facts could reasonably infer that Western disposed of the fly ash in ponds due to its toxicity and was aware of the potential for injury. Without further discovery regarding the toxicity of the fly ash, Jordan's case cannot be dismissed for failure to meet the substantial certainty standard.

¶ 12 In analyzing Jordan's petition, we are cognizant that "the use of the word 'intent' in allegations 'is not a talisman that can change the allegations into colorable claims.'"[4] However, this is not the sole basis of Jordan's claim. In addition to alleging Western's intent, Jordan also alleges facts and circumstances from which Western's knowledge may be inferred, including the allegation that Western altered its disposal methods of what it allegedly knew to be toxic ash. A reason-

---

3. *Parret,* 2005 OK 54, ¶ 24, 127 P.3d at 579; *see also Hayes,* 1995 OK 108, ¶ 2, 905 P.2d at 780.

4. *Parret,* 2005 OK 54, ¶ 26, 127 P.3d at 579 (quoting *Mingachos v. CBS, Inc.,* 196 Conn. 91, 491 A.2d 368, 375 (1985)).

able inference may be drawn from the totality of Jordan's allegations to satisfy Jordan's burden to plausibly demonstrate that Western acted with knowledge of the substantial certainty of an injurious effect of the fly ash. Under these circumstances, the trial court erred in dismissing the case for failure to state a claim upon which relief may be granted.

¶ 13 In conclusion, we hold that if all allegations in Jordan's petition are taken as true, and all reasonable inferences drawn from them, the petition plausibly demonstrates that Western's actions constituted an intentional tort under the substantial certainty standard, which was the law in effect at the time of his injury in August of 2009. The trial court's dismissal of Jordan's claim for failure to state a claim upon which relief may be granted is reversed and the matter is remanded to district court for further proceedings.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED WITH INSTRUCTIONS.**

¶ 14 COLBERT, V.C.J., WATT, EDMONDSON, REIF, and COMBS, JJ., concur.

¶ 15 KAUGER, J., concurs specially.

¶ 16 TAYLOR, C.J., WINCHESTER, and GURICH, JJ., dissent.

TAYLOR, C.J., dissenting.

The trial judge and the unanimous Court of Civil Appeals were absolutely correct in their disposition of this meritless lawsuit. This Court spoke clearly in *Parret* and *Price* that the Workers' Compensation Court has exclusive jurisdiction except in the case of an *intentional* tort in which the employer had willful, deliberate and specific intent ("a desire") to cause injury to an employee or the employer acted with *knowledge* that injury to the employee was substantially certain. In *Price*, this Court referred to this standard as a "formidable barrier" and held that "nothing short" of that standard will suffice. The record in this case shows that the employer in this case did not intend, plan, desire or have a substantially certain knowledge and plan to injure this employee. The employer did not intend or plan to injure this employee. This is a frivolous claim in district court and the trial court's dismissal should be affirmed.

KAUGER, J., with whom Watt, Combs, JJ., join, concurring specially.

¶ 1 I concur with remanding the case and that this proceeding is governed by the holding of *Parret v. UNICCO Service Co.*, 2005 OK 54, ¶ 24, 127 P.3d 572. I write separately to explain why, when the Legislature makes a statutory change, immediate, instantaneous gratification of the change does not always occur. Sometimes patience is required.

¶ 2 Unless the Legislature clearly expresses a contrary intent, the general rule is that new statutes or statutory changes operate prospectively.[1] In workers compensation proceedings, the right of an employee to compensation derives from the contractual relationship between the employee and employer at the time of the injury.[2] The statutes which are in effect on the date of injury dictate the substantive rights and obligations of the employee and employer.[3] This is so because the statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties.[4] Unlike purely procedural amendments, a subsequent amendment to those statutes

1. *Forest Oil Corp. v. Corp. Comm'n of Oklahoma,* 1990 OK 58, ¶ 11, 807 P.2d 774.

2. *King Mfg. v. Meadows,* 2005 OK 78, ¶ 11, 127 P.3d 584.

3. *King Mfg. v. Meadows,* see note 2, supra. *See, Knott v. Halliburton Services,* 1988 OK 29, ¶ 4, 752 P.2d 812; *Batt v. Special Indemnity Fund,* 1993 OK 163, ¶ 9, 865 P.2d 1244; *Lee Way Motor*

*Freight, Inc. v. Wilson,* 1980 OK 48, ¶ 7, 609 P.2d 777.

4. *King Mfg. v. Meadows,* see note 3, supra; *Knott v. Halliburton Services,* see note 3, supra; *Lee Way Motor Freight, Inc., v. Wilson,* see note 3, supra at ¶ 8; *Magnolia Petroleum v. Watkins,* 1936 OK 372, ¶ 5, 177 Okla. 30, 57 P.2d 622.

which affects substantive rights cannot operate retroactively to change fixed rights and obligations.[5]

¶3 What does all of this mean? It means that when a case like *Parret*, supra, is decided, its holding will apply to those cases which occur after it. It was decided on June 28, 2005. Nearly two years later, a lawsuit was filed in the case of *Price v. Howard*, 2010 OK 26, ¶17, 236 P.3d 82. Because the death of the employee in Price occurred on October 15, 2006, and the lawsuit was filed on May 29, 2007, the law expressed in *Parret*, supra, applied to the *Price* litigation.

¶4 On August 27, 2010, the Legislative amendment to the Oklahoma Workers' Compensation Act explicitly overruled *Parret*, by repealing an employee's ability to bring an intentional tort claim under the substantial certainty standard.[6] When this Legislative change occurred, there may have been employees who were injured and/or cases which were filed between the time *Parret*, supra, was decided and the time the Legislature changed the law.

¶5 Because the Okla. Const., art. 5 § 54 expressly prohibits the Legislature from applying a change in the law after court proceedings have begun, those cases which were filed after *Parret*, but in which the injury had occurred before the Legislative change, were governed by *Parret's* holding, rather than the new Legislative amendment.[7] Why? Because once a right has accrued and a court proceeding has started under particular statutes in effect at that time, that right is not removed if the Legislature repeals or changes the statutes. This is true as long as the right is a substantive right, protected by the Oklahoma Constitution and not merely a procedural change that has no real effect on an employee's protected rights.[8]

¶6 Here, Jordan's claim arose when his injury was discovered in August of 2009, and he brought suit on April 20, 2010. At that time, *Parret* had already been decided and was the current law. Consequently, even though the Legislature changed the law in August of 2010, and Jordan's appeal is not decided until today, *Parret* applies to his case and not the 2010 statutory change. Otherwise, the Court would expressly violate the Oklahoma Constitution—the same Constitution we have sworn to uphold.

¶7 Soon, the few cases in the pipeline, if any, will be decided and any backlog of lawsuits begun before the August 2010 Legislative change will be exhausted. At that point,

5. *King Mfg. v. Meadows*, see note 2, supra; *Batt v. Special Indemnity Fund*, see note 3, supra; *Knott v. Halliburton Services*, see note 3, supra; *Lee Way Motor Freight, Inc. v. Wilson*, see note 3, supra.

6. The language of 85 O.S. Supp.2010 ¶12 was amended effective August 27, 2010, and later repealed, but recodified in 2011 as 85 O.S.2011 § 302. It provides in pertinent part:
   A. The liability prescribed in this act shall be exclusive and in place of all other liability of the employer and any of his or her employees, at common law or otherwise, for such injury, loss of services, or death, to the employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person, except in the case of an intentional tort, or where the employer has failed to secure the payment of compensation for the injured employee.
   B. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from the

employer's conduct shall not constitute an intentional tort. The issue of whether an act is an intentional tort shall be a question of law for the Court....

7. The Okla. Const. Art. 5 § 54 provides:
   The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.

8. We explained in *King Mfg. v. Meadows*, see note 2, supra at ¶19 that:
   The terms of the Okla. Const., art. 5, § 54 protect matured rights from the effects of after-enacted legislative change. After-enacted legislation that increases or diminishes the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities. The statute in effect at the time of the initial injury governs a claimant's award of permanent disability for a change in condition. (Citations omitted.)

*Parret,* supra, will be inapplicable and the 2010 Legislative changes will control.